## COMMONWEALTH *vs.* MORRIS LAHY.
## SAME *vs.* SAME.

The rule established by *St.* 1844, *c.* 102, that, in all prosecutions for selling spirituous liquors without license, the burden of proving a license shall be on the defendant, obliges any person prosecuted as a common seller of intoxicating liquors under *St.* 1855, *c.* 215, § 15, to prove any authority on which he relies in his defence. But it does not apply to an indictment on *St.* 1855, *c.* 405, for a nuisance by keeping a building used for the unlawful sale and unlawful keeping of intoxicating liquors.

A verdict of guilty upon an indictment on *St.* 1855, *c.* 405, for a nuisance by keeping a building used for the unlawful sale and unlawful keeping of intoxicating liquors, upon which no judgment has been rendered, is no bar to an indictment for being a common seller of intoxicating liquors at the same time and place.

Two INDICTMENTS, found and tried at July term 1857 of the court of common pleas, held by *Sanger,* J.

The *first* was on the *St.* of 1855, *c.* 405, § 1, for a nuisance by keeping a shop in Lee, used as a house of ill fame, resorted to for prostitution and lewdness and for illegal gaming, and used for the illegal sale and illegal keeping of intoxicating liquors, from the 1st of July 1856 to the finding of the indictment.

At the trial, the Commonwealth relied only upon evidence tending to show that the building described in the indictment was used for the unlawful sale and keeping of intoxicating liquors; but there was no evidence that the defendant was not authorized to make the sales. The judge instructed the jury " that, as regarded the illegal sales, it was not necessary for the Commonwealth to show that the defendant was unauthorized to make the sales, but that it was for the defendant to show a license or authority to make such sales." The jury returned a verdict of guilty, and the defendant alleged exceptions.

The *second* indictment was on *St.* 1855, *c.* 215, § 17, for being a common seller of spirituous and intoxicating liquors in Lee, from the 1st of August 1856 to the day of the finding of the indictment. The defendant pleaded in abatement the pendency of the first indictment. But the plea was overruled.

At the trial, the defendant pleaded in bar his conviction upon that indictment, and objected to the introduction of any evidence

which was used on the trial of that indictment. But the objection was overruled.

The district attorney introduced no evidence to show that the sales were not authorized by law ; and the judge instructed the jury " that, if they were satisfied the sales were made, they should return a verdict of guilty ; and that it was incumbent upon the defendant to show that they were authorized." A verdict of guilty was returned, and the defendant alleged exceptions.

*J. E. Field*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

SHAW, C. J. In general, the burden of proof is on the Commonwealth to prove every substantive fact of a criminal charge, even where it requires proof of a negative. And this rule was affirmed by this court, and applied to the case of selling liquors without license, in *Commonwealth* v. *Thurlow*, 24 Pick. 380. The legislature interposed and passed an act placing upon the defendant the burden of proving a license, " in all prosecutions for selling spirituous or fermented liquors without license." *St.* 1844, *c.* 102. But that statute is expressly limited to prosecutions for selling liquors, and the court see no reason for departing from the general rule, and applying this statute exception to a distinct class of offences. Upon the trial of the indictment for a nuisance, therefore, the instruction was wrong, and there must be a *New trial in the court of common pleas.*

In the second case, the plea in abatement was rightly overruled. The pendency of another indictment, even if for the same offence, is not ground of abatement.

The judge rightly ruled that the burden of proving authority was upon the defendant. The rule established by the legislature by the *St.* of 1844, has been uniformly applied by the court to all prosecutions for selling spirituous or intoxicating liquors without license or authority of law; as, for instance, to prosecutions under the *Sts.* of 1850, *c.* 238, and 1852, *c.* 322. *Commonwealth* v. *Kelly*, 10 Cush. 69. *Commonwealth* v. *Tuttle*, 12 Cush. 503.

The conviction in the first case was nothing but a verdict, and was therefore rightly held no bar to the second indictment. And that verdict having now been set aside, there is no reason why this indictment should not be maintained.

We are not called upon to decide whether the conviction of being a common seller in this case will be a bar to an indictment upon the same evidence, for a common nuisance.

*Exceptions overruled.*